1  JEFFREY A. TOPOR (SBN 195545)
   jtopor@snllp.com
2  SARAH H. SCHEINHORN (SBN 294759)
   sscheinhorn@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6
   Attorneys for Defendant
7  Chex Systems, Inc.

8

9
                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11

12 PAUL TOLEDO,                    )  CASE NO.: 2:14-cv-03121 R-RZx
                                   )
13                                 )  **NOTICE OF MOTION AND MOTION
          Plaintiff,               )  TO DISMISS COMPLAINT UNDER
14                                 )  RULE 12(B)(6) BY DEFENDANT
                                   )  CHEX SYSTEMS, INC.;
15        vs.                      )  MEMORANDUM IN SUPPORT**
                                   )
16                                 )  Date:  June 2, 2014
   CHEX SYSTEMS, INC.              )  Time:  10 a.m.
17                                 )  Ctrm:  8
                                   )
18        Defendant.               )  The Honorable Manuel L. Real
                                   )
19 _____

20

TO PLAINTIFF, HIS ATTORNEYS AND THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on June 2, 2014, at 10:00 a.m. in courtroom 8 of the above Court, located at 312 North Spring Street, Los Angeles, California 90012, the Honorable Manuel L. Real presiding, defendant Chex Systems, Inc. ("Chex Systems") will and hereby does move this Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the claims against it in the complaint.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which commenced by letter on April 23, 2014 and continued by phone on April 25, 2014.  A copy of the April 23, 2014 letter is attached hereto as "**Exhibit A.**"  This motion is made on the grounds that the complaint fails to state facts sufficient to constitute a cause of action against Defendant for violation of  the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), negligence, defamation, "defamation of suspected fraud," and "negligent enablement of identity fraud."

This motion will be based on this Notice of Motion and Motion to Dismiss, the Memorandum of Points and Authorities in Support of the Motion filed herewith, all of the other papers on file in this action, and such other and further evidence or argument as the Court may allow.

DATED: April 29, 2014          SIMMONDS & NARITA LLP
                               JEFFREY A. TOPOR
                               SARAH H. SCHEINHORN


                       By:   /s/Sarah H. Scheinhorn
                             Sarah H. Scheinhorn
                             Attorneys for Defendant
                             Chex Systems, Inc.

## I. INTRODUCTION

Plaintiff Paul Toledo ("Toledo") sued defendant Chex Systems, Inc. ("Chex") in Small Claims Court in Los Angeles County, California. Chex removed the action to this Court, and now moves to dismiss on the ground that Toledo's complaint fails to state a claim upon which relief can be granted.

In his complaint, Toledo claims that Chex violated the "fair credit reporting act" ("FCRA" or "the Act"), 15 U.S.C. § 1681, *et seq.*, between September 15, 2013 and March 10, 2014. He also asserts claims for defamation, negligence, "negligent enablement of identity fraud," and "defamation of suspected fraud." Other than listing these claims, however, Toledo fails to identify any particular section of the FCRA that was supposedly violated, or to explain how the Act was violated, nor does he set forth any facts in support of any of his claims. Toledo's scant, conclusory allegations fail to allege facts showing that Chex committed any conduct proscribed by the FCRA or any other provision of law.

Because the complaint neither states facts sufficient to constitute a claim for relief nor fairly apprises Chex of the claims against it, the pleading should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Unless Toledo can explain to the Court how he can plausibly amend his complaint to state a valid claim, the complaint should be dismissed without leave to amend.

## II. ALLEGATIONS OF THE COMPLAINT

Toledo alleges that Chex Systems violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), was negligent and defamed him. Doc. No. 1, Ex. A at ¶ 3. In addition, he asserts claims for "defamation of suspected fraud" and "negligent enablement of identity fraud." *Id.* Toledo sets forth no facts to support these claims in his complaint.

TOLEDO v. CHEX SYSTEMS, INC. (CASE NO. 2:14-cv-03121 R-RZx )
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT UNDER RULE 12(B)(6);
MEMO IN SUPPORT

1

## III. ARGUMENT

### A. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To "state a claim" for relief, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The Supreme Court decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*") and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*") include the analytical framework that courts must use when evaluating motions to dismiss.

In *Twombly*, the Court expressly rejected the "no set of facts" test that it had articulated a half-century earlier in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See Twombly*, 550 U.S. at 562-63. The Court held that although "detailed factual allegations" are not required at the pleading stage, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. There must be sufficient facts pled to state a claim to relief that is "plausible on its face." *Id*. at 570. In *Iqbal*, the Court stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Thus, the first step when evaluating a motion to dismiss is to identify the legal conclusions, because they "are not entitled to the assumption of truth." *Id*. at 679. Next, with respect to any "well-pleaded factual allegations" in the complaint "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The determination of whether a plausible claim for relief has been stated is "a context-specific task" that requires a court to "draw on its judicial experience and common sense." *Id.*

Overall, a complaint must "contain either direct or inferential allegations

TOLEDO v. CHEX SYSTEMS, INC. (CASE NO. 2:14-cv-03121 R-RZx )
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT UNDER RULE 12(B)(6);
MEMO IN SUPPORT

2

respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.  Moreover, the factual allegations must be enough to raise a right to relief above the speculative level.  *Id.* at 545.  Dismissal is therefore proper under Rule 12(b)(6) where a court finds either: 1) the lack of a cognizable legal theory; or 2) the absence of sufficient facts alleged under a cognizable legal theory.  *See Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir. 2008).

### 1. Toledo's FCRA Claim Fails Because He Does Not Allege Any Facts To Support His Claim

Toledo's FCRA claim is completely at odds with the standards articulated in *Iqbal* and *Twombly* because his Complaint does not contain *any* factual allegations.  The FCRA was enacted to ensure that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit information in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b).  In order to successfully state a claim under the FCRA, the plaintiff must allege that the defendant is a "consumer reporting agency," that it creates "consumer report[s]," or that it "regularly engages in . . . assembling or evaluating consumer credit information, or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f); *see White v. Hillcrest Davidson & Assocs.*, 952 F. Supp. 2d 80, 85 (D.D.C. 2013); *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1023-24 (N.D. Cal. 2006) ("In order to state a claim under the FCRA, a plaintiff must allege that the defendant is within the class of defendants subject to FCRA liability.").  In addition, a plaintiff must identify the applicable section of the FCRA under which relief is sought and allege facts showing that the different elements of the cause of action are satisfied.  *See, e.g., Jang v. 1st United Bank*, 2012 WL 2959985, *4 (E.D. Cal. July 19, 2012) (dismissing FCRA claim where plaintiffs did not plead "any facts supporting the elements of a cause of action under FCRA"); *Ibrahim v. Saxon Mortg. Servs., Inc.*, 2010 WL 3294392, **3-

4 (dismissing FCRA claim where plaintiff failed "to allege any facts in support of his claim, and does not even recite the bare elements of an FCRA cause of action").

Here, the Complaint fails to allege that Chex Systems is a credit reporting agency or that it engages in any conduct that is covered by the FCRA. It also does not identify any particular section of the FCRA that Chex supposedly violated, or allege any facts that would suggest a violation. In response to Paragraph 3 of the Complaint which asks the plaintiff to explain, "Why does the Defendant owe the Plaintiff money," Toledo simply states, "Violation of fair credit reporting act." Doc. No. 1, Ex. A at ¶ 3. He does not, however, allege a single fact to support this bare assertion. This is wholly insufficient. *See, e.g., Eisberner v. Discover Prods., Inc.*, 921 F. Supp. 2d 946, 948 (E.D. Wis. 2013) (Plaintiff's allegations that Defendant's description of her accounts was inaccurate and incomplete were insufficient to state claim for relief); *Burdett v. Harrah's Kansas Casino Corp.*, 294 F. Supp. 2d 1215, 1236 (D. Kan. 2003) (plaintiff directed to show cause why claim should not be dismissed because she did not cite any provision of FCRA or allege how defendant violated it). Accordingly, Toledo's Complaint fails to state a claim under the FCRA, and dismissal is proper.

### 2. Toledo's Defamation Claim Fails Because He Does Not Allege Any Facts To Support His Claim

Toledo's defamation claim must be dismissed for the same reasons. Under California law, to state a claim for defamation (libel or slander), a plaintiff must allege "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." Cal. Civ. Code §§ 45, 46. In addition, the defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement. *See Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).

In his complaint, Toledo merely states, "Defamation of character." Doc. No. 1, Ex. A at ¶ 3. He has wholly failed to identify the allegedly defamatory statement

1  made by Chex or any other facts supporting each element of his claim for
2  defamation. The claim must be dismissed.

### 3. Toledo's Negligence Claim Fails Because He Does Not Allege Any Facts To Support His Claim

Toledo's negligence claim fails for the same reason as his FCRA and defamation claims. The elements of a cause of action for negligence are: duty, breach of duty, legal cause and damages. *See Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 462 (2003). Like his other claims, Toledo states the title of the cause of action, "negligence," but nothing more. *See* Doc. No. 1, Ex. A at ¶ 3. Accordingly, like his other claims, Toledo's negligence claim must be dismissed.

### 4. Toledo's "Defamation Of Suspected Fraud" And "Negligent Enablement Of Identity Fraud" Claims Fail Because They Are Not Based On Any Cognizable Legal Theory

Finally, Toledo asserts claims for "defamation of suspected fraud" and "negligent enablement of identity fraud." *Id.* Chex is not aware of any such causes of action, nor has Toledo set forth any facts to support them (even if they do exist). These claims should be dismissed without leave to amend because Toledo cannot plead and prove facts to establish elements of claims that have no basis in law.

## IV. CONCLUSION

Toledo has done nothing more than file a lawsuit that claims that Chex unlawfully harmed him in violation of the FCRA and various common law provisions. His complaint does not state a valid claim for relief. Chex respectfully requests that the Court issue an Order dismissing the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Unless Toledo demonstrates that he can amend his complaint to state a valid claim, the complaint should be dismissed with prejudice.

1  DATED: April 29, 2014              SIMMONDS & NARITA LLP
                                       JEFFREY A. TOPOR
2                                      SARAH H. SCHEINHORN

3
                                       By:  /s/Sarah H. Scheinhorn
4                                           Sarah H. Scheinhorn
                                            Attorneys for Defendant
5                                           Chex Systems, Inc.

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following documents:

1) **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT UNDER RULE 12(B)(6) BY DEFENDANT CHEX SYSTEMS, INC.; MEMORANDUM IN SUPPORT**

by causing such documents to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addresses indicated below:

**VIA U.S. MAIL**

Paul Toledo
P.O. Box 3511
Redondo Beach, CA 90277-1511
*Plaintiff in Pro Per*

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 29th day of April, 2014.

_____
Sarah H. Scheinhorn

Exhibit A

# SIMMONDS & NARITA LLP

ATTORNEYS AT LAW
44 MONTGOMERY STREET, SUITE 3010
SAN FRANCISCO, CALIFORNIA 94104-4816
TELEPHONE (415) 283-1000
FAX (415) 352-2625
www.snllp.com

SARAH H. SCHEINHORN
DIRECT DIAL (415) 283-1004
EMAIL sscheinhorn@snllp.com

April 23, 2014

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL**
**paulvtoledo@yahoo.com**

Paul Toledo
120 N. Prospect Ave., Apt. B
Redondo Beach, CA 90277

Re:   Toledo v. Chex Systems, Inc.
      Superior Court of Los Angeles, Case No. 14S02023

Dear Mr. Toledo:

This firm represents Chex Systems, Inc. ("Chex") in connection with the lawsuit that you filed against it in the small claims division of the Los Angeles Superior Court on March 19, 2014, and which was served on Chex on March 27, 2014. On April 23, 2014, Chex removed the lawsuit to the United States District Court for the Central District of California. Once the removal process is complete, the state court will no longer have jurisdiction over this matter.

Pursuant to Central District Local Rule 7-3, I am writing to inform you that Chex intends to file a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that the complaint fails to state a claim upon which relief can be granted. Please call me if you wish to discuss further.

Best Regards,

Sarah H. Scheinhorn