JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL TOLEDO, ) | CASE NO. CV 14-03121-R |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANT |
| ) | CHEX SYSTEMS, INC.'S MOTION |
| v. ) | TO DISMISS |
| ) | |
| CHEX SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

Plaintiff Paul Toledo ("Toledo"), on March 19, 2014, filed suit Small Claims Court in Los Angeles County, California, naming as defendant Chex Systems, Inc. ("Chex"). Chex was served with the complaint on March 27, 2014. The action was removed to this Court on April 23, 2014. Chex filed a motion to dismiss Toledo's complaint on April 29, 2014. Having determined that the matter was suitable for a decision on the papers, this Court took the matter under submission on May 22, 2014.

On a motion to dismiss, the trial court takes all well-pleaded facts in the complaint to be true and determines whether, based upon those facts, the complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). *See Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005). To state a claim, the complaint must contain factual assertions that make the

1  claimed relief not merely possible, but "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);
2  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although factual assertions are taken as
3  true, the court does not accept legal conclusions as true. *Id.*
4        A motion to dismiss tests the legal sufficiency of the claims alleged in the complaint. *See*
5  *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1023 (C.D. Cal. 1998). A claim is properly
6  dismissed for "lack of a cognizable legal theory," "absence of sufficient facts alleged under a
7  cognizable legal theory," or seeking remedies to which plaintiff is not entitled as a matter of law.
8  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d
9  910, 913 (9th Cir. 1986).
10       The failure to file an opposition to a motion is deemed to be consent to the granting of that
11 motion. L.R. 7-12. Toledo did not file an opposition to the motion to dismiss.
12       In Toledo's complaint, he alleges that Chex committed: "Defamation of character.
13 Negligence. Violation of fair credit reporting act. Defamation of suspected fraud. Negligent
14 enabelment [sic] of identity fraud." Doc. No. 1 at 3.[1] There are no factual allegations of any kind
15 attached to Toledo's complaint, nor are the elements of the claims listed. Without any factual
16 basis, a complaint cannot state a plausible claim as a matter of law.
17       IT IS HEREBY ORDERED that defendant Chex's motion to dismiss is GRANTED.
18 Dated: June 10, 2014.

                                              MANUEL L. REAL
                                    UNITED STATES DISTRICT JUDGE

---

[1] This is the only portion of the Small Claims Court complaint that has any text related to the claims of Toledo against Chex filled in on it.

2